Luther D. Thomas
Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA GA 30303-3318

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 27 2006

LUTHER D. THOMAS, Clerk
By:
Deputy Clerk

---

April 26, 2006

**Appeal Number: 05-16310-EE**
Case Style: USA v. John Michael Ledbetter
District Court Number: 05-00409 CR-BBM-1

TO:   Luther D. Thomas

CC:   Mildred Geckler Dunn

CC:   Stephanie Kearns

CC:   Kim S. Dammers

CC:   Amy Levin Weil

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

April 26, 2006

Luther D. Thomas
Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA GA 30303-3318

**RECEIVED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

APR 27 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

**Appeal Number: 05-16310-EE**
Case Style: USA v. John Michael Ledbetter
District Court Number: 05-00409 CR-BBM-1

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
  Original Exhibits, consisting of: one psi
  Original record on appeal or review, consisting of: three volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (02/2006)

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 27 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# United States Court of Appeals
For the Eleventh Circuit

No. 05-16310

District Court Docket No.
05-00409-CR-BBM-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Mar 28, 2006

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

JOHN MICHAEL LEDBETTER,

    Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
APR 26 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: March 28, 2006
For the Court: Thomas K. Kahn, Clerk
By: Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-16310
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00409-CR-BBM-1

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 7 2006

LUTHER D. THOMAS, Clerk
By:
        Deputy Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MICHAEL LEDBETTER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(March 28, 2006)

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

John Michael Ledbetter appeals his 24-month sentence for transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. §875(c). He alleges that the government breached his plea agreement by recommending a 6-level enhancement, rather than a 3-level enhancement, pursuant

to U.S. Sentencing Guidelines Manual §3A1.2. We agree, and vacate his sentence.

Ledbetter negotiated a written plea agreement with the government in which the government agreed to dismiss some charges in exchange for his agreement to plead guilty to sending a threatening communication. Ledbetter admitted at his Rule 11 plea colloquy that the government could prove that while he was in a federal prison in Florida, he called his daughter in Georgia and threatened to assault his probation officer. The plea agreement included the government's promise to recommend at sentencing that Ledbetter receive a 3-level enhancement under the 2004 version of U.S. Sentencing Guidelines Manual §3A1.2(a) because the probation officer was an "official victim . . . and . . . the offense of conviction was motivated such status". But the Presentence Investigation Report (PSI) instead suggests a 6-level enhancement pursuant to U.S. Sentencing Guidelines Manual §3A1.2(b) because the victim was a government officer, the offense was motivated by such status, and Ledbetter's base offense level was from Chapter 2, Part A. The case proceeded to sentencing where the government contended that the plea agreement was "internally inconsistent" because it required application of the 2004 guidelines but applied them incorrectly by not including the 6-level

enhancement under §3A1.2(b).[1] The district court then rejected Ledbetter's argument that the government had breached the plea agreement by not recommending a 3-level enhancement under §3A1.2(a), found that the plea agreement's recommendations did not bind the court, and found that, pursuant to 18 U.S.C. §3553, a guidelines sentence would be reasonable.

We review de novo to a determination of whether the government has breached a plea agreement. *United States v. Mahique*, 150 F.3d 1330, 1332 (11th Cir. 1998) (per curiam). A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499, 30 L. Ed. 2d 427 (1971). When a plea rests in any significant portion on the government's promise or agreement, so that it becomes part of the inducement or consideration, such promise must be fulfilled. *Id.*

---

[1] Under the 2003 guidelines, §3A1.2 only allowed for a 3-level increase, not a 6-level increase. U.S. Sentencing Guidelines Manual §3A1.2 (2003). Section 3A1.2(a) of the 2004 guidelines increases a defendant's offense level by 3 if the victim was a government officer and the offense was motivated by that status, while §3A1.2(b) increases the offense level by 6 if the victim was a government officer, the offense was motivated by that status, and the defendant's base offense level is from Chapter 2, Part A, which Ledbetter's offense was. U.S. Sentencing Guidelines Manual §3A1.2(a), (b). Because §3A1.2 states that the greatest of subsections (a), (b), or (c) should be applied, application of §3A1.2(b) necessarily would preclude application of §3A1.2(a). *See* U.S. Sentencing Guidelines Manual §3A1.2.

We have also held that whether the district court considered or was influenced by the government's position on the sentencing issue is not relevant. *United States v. Johnson*, 132 F.3d 628, 630 (11th Cir. 1998) (per curiam). In *Johnson*, we held that, despite the fact that the sentencing court is not bound by the parties's agreements or recommendations, when analyzing an alleged violation of a plea agreement, we need not "address the district court's exercise of discretion in imposing a sentence. Rather, we focus on the government's violation of its plea agreement." *Id.* (emphasis omitted) (quoting *United States v. Tobon-Hernandez*, 845 F.2d 277, 280 (11th Cir. 1988)).

When the government's breach of an agreement has been established, we may either order specific performance of the agreement by means of resentencing before a different judge or allow withdrawal of the plea. *Santobello*, 404 U.S. at 262-63, 92 S. Ct. at 499. Although the chosen remedy is within the court's discretion we have not favored withdrawal of the guilty plea especially when it is clear that the plea was knowingly and voluntarily entered. *Johnson*, 132 F.3d at 631 (citations omitted).

In *United States v. Taylor*, 77 F.3d 368 (11th Cir. 1996), we held that the government breaches a plea agreement when it "unequivocally promise[s]" that it would make a particular sentencing recommendation, and then advocates a

4

position incompatible with the fulfillment of that promise. *Id.* at 370-71. *See also United States v. Thompson*, 403 F.3d 1037 (8th Cir. 2005). We stated in *Taylor*:

> [i]t is in the best interest of the government, as well as the system as a whole, that defendants be able to count on the government keeping the promises it makes in order to secure guilty pleas. Those broader interests as well as each individual defendant's interest in receiving the benefit of his bargain, require that courts stand ready and willing to hold the government to its promises.

*Id.* at 372. While *Taylor* dealt with a sentencing recommendation based on a factual stipulation, and this case deals with a sentencing recommendation based on a guidelines calculation, *Taylor* still provides us with persuasive guidance. The government in Ledbetter's case promised in the plea agreement to specifically recommend that Ledbetter receive a 3-level enhancement under §3A1.2(a) for an "official victim" but later adopted the PSI'S recommendation of §3A1.2(b)'s 6-level increase that resulted in a greater sentence. Thus, as in *Taylor*, the government unequivocally promised that it would make a particular recommendation and breached that promise by taking a position incompatible with the promise. As in *Taylor*, it was reasonable for Ledbetter to understand that the government's promise to make that recommendation included a promise not to adopt an inconsistent position, especially in light of Fed. R. Crim. P. 11, which

authorizes the government to make a guideline calculation as part of a plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(B).

Because (1) the government took a position that was incompatible with its promise and Ledbetter's plea agreement to recommend a 3-level enhancement pursuant to §3A1.2(a) and (2), it was reasonable for Ledbetter to understand that the government's promise to make that recommendation included a promise not to adopt an inconsistent position, the government breached the plea agreement. Accordingly, we vacate Ledbetter's sentence and remand for re-sentencing, holding the government to its obligation in the plea agreement. Since the voluntariness of Ledbetter's guilty plea is not at issue, we find no basis to allow him to withdraw his plea and proceed to trial. Given the Supreme Court's guidance in *Santobello*, we remand for resentencing before a different judge.

**VACATED AND REMANDED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia